**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**TROY JOHNSON,**

        **Plaintiff,**

        v.

**GEORGE B. DUNCAN, et al,**

        **Defendants.**

**Civil No:1:02-CV-01070 (GLS/DRH)**

---

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

**TROY JOHNSON**
Plaintiff, *Pro Se*
98-A-2072
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**FOR THE DEFENDANT**:

**HON. ELIOT SPITZER**                **DAVID FRUCHTER**
New York State Department of Law      Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER
### I. Introduction

Plaintiff *pro se* Troy Johnson brings this action pursuant to 42 U.S.C. § 1983.  Johnson alleges that the Department of Corrections (DOCS) officials at the Great Meadows Correctional Facility violated his civil rights by failing to provide him with sanitary living conditions.  He specifically claims that bird feces contaminated his living space and caused him to suffer physical injury.  Pending are Johnson's objections to Magistrate Judge David R. Homer's Report-Recommendation.  Upon careful consideration of Johnson's objections, the parties' arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

### II. Procedural History

Johnson commenced this action on August 19, 2002.  *Compl., Dkt. No. 1*.  On November 18, 2004, defendants moved for summary judgment. *Mot. Summ. J., Dkt. No. 62*.  On September 6, 2005, Judge Homer issued a Report-Recommendation which recommended that the defendants'

---

[1]The Clerk is hereby directed to attach the Report-Recommendation to constitute a complete record of the court's decision in this matter.

2

motion for summary judgment be granted.  *Report-Recommendation, Dkt. No. 68*.  Johnson filed objections to Judge Homer's Report-Recommendation on September 15, 2005.  *Dkt. No. 69*.

## II. Discussion[2]

### A. Standard of Review

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1).  After such a review, the court may "accept, reject, or modify, in whole or in part, the findings or the recommendations made by the magistrate judge."  *Id*.  The court has reviewed the unobjected-to portions of the Report-Recommendation under a clearly erroneous standard, and adopts them in their entirety.

### B. Report-Recommendation

Judge Homer recommended granting defendants' motion for summary judgment because no questions of fact remain.  Specifically, he found that the defendants were entitled to qualified immunity because they

---

[2]The court adopts the factual summary in Judge Homer's Report-Recommendation, and assumes familiarity with the facts alleged in Johnson's complaint.  *Dkt. Nos. 68, 1.*

3

took reasonable steps to alleviate the bird infestation problem at Great Meadow.  *Report and Recommendation p. 6, Dkt. No. 68*.  Second, Judge Homer found that since Johnson had not disclosed an expert witness prior to the completion of discovery, he would be unable to support a casual connection between his health ailments and the bird feces.  *Id. at 8.*

Johnson objects to both of these findings.  First, he argues that the defendants should not be entitled to qualified immunity because the ameliorative measures taken to address the bird infestation problem were after the fact, since the defendants had notice of the problem beforehand and did not act on it.  Second, Johnson claims that in the past, he asked the court to appoint him an expert witness to prove his physical injuries and this request was denied by Judge Homer.  *Mot. to Appoint Expert Witness, Dkt. No. 42, Order, Dkt. No. 43.*[3]  Johnson's qualified immunity objection is without merit.

C. **Qualified Immunity**

Qualified immunity protects government officials from civil liability if "it was reasonable for them to believe their acts did not violate... clearly

---

[3] In light of the court's finding of qualified immunity, it will not address the issue regarding the appointment of an expert witness for Johnson.

4

established rights." *Provost v. City of Newburgh,* 262 F.3d 146, 160 (2d Cir. 2001) (citations omitted). In determining whether a right was established, a court should consider 1) whether the right in question was defined with reasonable specificity, 2) whether the decisional law of the Supreme Court and the [Second Circuit] support the existence of the right in question, and 3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). Without question prisoners have a right to prison conditions which do not result in "unquestioned and serious deprivations of basic human needs." *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985). Defendants must have acted with deliberate indifference to an inmate's health or safety. *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996).

It is evident from the record that the defendants took reasonable steps to resolve the bird infestation problem and are thus entitled to qualified immunity. As Judge Homer noted, the defendants engaged in: caging the birds, cleaning the contaminated areas, putting up netting and eventually installing screens in the cell block. *Report and Recommendation pp. 6-7, Dkt. No. 68*. Accordingly, for the reasons stated

5

in Judge Homer's Report-Recommendation, the court adopts the qualified immunity recommendation in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion for summary judgment is **GRANTED** as to all claims and all defenses.

**ORDERED** that the Clerk of the Court provide a copy of this Decision and Order upon the parties to this action.

**IT IS SO ORDERED.**

**December 22, 2005**
**Albany, NY**

Gary L. Sharpe
U.S. District Judge